UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WEST COLUMBIA DISTRICT and RONALD OWEN,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. C23-5894 BHS<br><br>ORDER |

THIS MATTER is before the Court on its own motion after reviewing plaintiffs West Columbia District and Ronald Owen's application to proceed *in forma pauperis*, supported by a "notice of removal" and by his proposed criminal complaint. Dkt. 1.

Owen seeks to file his case without paying the filing fee, asserting that he is indigent. Dkt. 1. Owen apparently seeks to remove to this Court two civil cases from Kitsap County Superior Court: a foreclosure case (Cause No. 22-2-00771-18) and a presumably related ejectment case (Cause No. 23-2-00819-18). It is not clear whether the foreclosure case is still pending.

ORDER - 1

Owen also seeks to remove two criminal cases pending against him in Bremerton Municipal Court (No. 51194801), apparently filed in 2019, and No. 51194802, which is not included in his filing).

Finally, Owen seeks to commence a criminal action (with "West Columbia District" as the plaintiff) against a variety of Washington State, Kitsap County, and City of Bremerton employees, asserting that they conspired against him. He also asserts that the underlying foreclosure (completed in January 2023) was illegal. *See generally* Dkt. 1.

## I.   DISCUSSION

**A.    *In forma pauperis* standard.**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

A person is eligible to proceed *in forma pauperis* if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, No. 2:16-cv-01209-APG-VCF, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016).

Furthermore, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or

without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, the Court will permit pro se litigants an opportunity to amend their complaint in order to state a plausible claim. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.")

Owen's filing is improper and ineffective, for several reasons, and Owen's application to proceed *in forma pauperis* is **DENIED**. The cases he seeks to remove are **REMANDED**. Because he has not stated and cannot state a plausible claim, the claims in his proposed "criminal" complaint are **DISMISSED without prejudice** and **without leave to amend**.

**B.      Owen's removal of the state civil cases is ineffective.**

Owen seeks to remove to this Court two civil cases pending in Kitsap Superior Court. Owen cites no authority for the removal of either case. A defendant may remove to federal district court a civil case "arising under" the Constitution or federal law, 28 U.S.C. § 1331, or a case involving more than $75,000 where the parties are citizens of different states. 28 U.S.C. § 1332. He must do so within 30 days after the receipt by the defendant of a copy of the initial pleading (usually the complaint). 28 U.S.C. § 1446(b)(1).

Owen has not asserted or demonstrated that he received notice of either case in the past 30 days. He alleges that one of the civil cases was filed in 2022. Dkt. 1 at 14. He does not assert that the cases involve a federal question or that this Court has diversity jurisdiction over any claim. Even if he seeks to assert a federal defense to the underlying state court cases, a defense is not part of a plaintiff's properly pleaded statement of his or her claim. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Thus, "a case may not be removed to federal court on the basis of a federal defense." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 14 (1983).

The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. He is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566. Under 28 U.S.C. § 1447(c), the district

court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

Owen has provided no authority for the proposition that he can simultaneously remove two state civil cases and unilaterally consolidate them in this Court, and there is none. His effort to remove the state civil cases is ineffective as a matter of law, and those cases are *sua sponte* **REMANDED** back to the Kitsap County Superior Court.

C.  **Owen's removal of the state criminal cases is ineffective.**

Owen also seeks to remove two criminal cases pending against him in Bremerton Municipal Court, which he describes as Nos. 51194801 and 51194802. The former was commenced in 2019. Dkt. 1 at 14. But a criminal removal, like a civil one, has a short, 30 day window:

> A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1455(b)(1).

The right to remove a criminal case is limited, and the procedure for removal is exacting. There is no right of removal of a criminal case to a federal district court. It is a privilege granted by Congress. *Maurietta v. State of Ariz.*, 395 F.2d 210, 211 (9th Cir. 1968). Only three statutes provide for the removal of criminal actions to federal court: 28 U.S.C. §§ 1442, 1442a, and 1443. *See Washington v. Tibbits*, 08-mc-5006 RBL, 2008

ORDER - 5

WL 1924187, at *1 (W.D. Wash. Apr. 25, 2008); *Langrock v. California*, No. CV 17-01096 BRO (RAO), 2017 WL 729548, at *2 (C.D. Cal. Feb. 24, 2017).

Under §§ 1442 and 1442(a), "[a]ny officer of the United States or its courts, any officer of either House of Congress, or any member of the U.S. armed forces subject to criminal prosecution may remove such an action if it arises from acts done under color of such office or status." *El v. L.A. Police Dep't*, No. CV 16-7013-JAK (PLA), 2016 WL 5419402, at *2 (C.D. Cal. Sept. 27, 2016). Owen fails to satisfy this standard.

28 U.S.C. § 1443 permits removal of criminal actions based on violations of certain civil rights. But a defendant's claim that the prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).

A defendant who wishes to remove his criminal case under 28 U.S.C. § 1443 must satisfy the following two-part test: "[f]irst, the [defendant] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and "[s]econd, [the defendant] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970), *abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore*, 141 S. Ct. 1532, 1537 (2021)).

Owen has not cited any of this authority in support of his notice of removal, and there is no indication from his filings that he could meet the removal standard. His effort to remove the pending criminal charges to this court is not effective. The two criminal cases are therefore **REMANDED** to Bremerton Municipal Court.

**D.     Owen's proposed criminal complaint fails to state a plausible claim and is facially without merit.**

Owen's proposed criminal complaint is also fatally flawed. First, a private citizen cannot commence a criminal action in this Court. "It is well established that a plaintiff cannot recover a civil judgement under criminal laws, nor can a private citizen commence a criminal prosecution. *See Maine v. Taylor*, 477 U.S. 131, 137 (1986) ("private parties ... have no legally cognizable interest in the prosecutorial decisions of the Federal Government"). The United States Attorneys generally have the responsibility to prosecute offenses against the United States in their districts. *See* 28 U.S.C. § 547. Plaintiff is neither acting on behalf of or as a United States Attorney. Accordingly, plaintiff's claims seeking to enforce federal criminal statutes, and recover civil damages as a result, are subject to dismissal." *Johnson v. Slipper*, No. 217CV02654MCEKJN, 2018 WL 4944878, at *6 (E.D. Cal. Oct. 11, 2018), *report and recommendation adopted sub nom. Johnson (Wadsworth) v. Slipper*, No. 217CV02654MCEKJN, 2019 WL 8270938 (E.D. Cal. Jan. 4, 2019). Owen cannot commence a criminal prosecution against any defendant as a matter of law, and his attempt to do so is frivolous and without merit.

Furthermore, and in any event, Owen cannot represent plaintiff "West Columbia District," which appears to be an artificial entity. Under well-settled state and federal law,

an artificial entity cannot represent itself in court pro se. An artificial entity, like a corporation, an LLC, or a trust, may appear in federal court only through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993); *see also* 28 U.S.C. § 1654; Local Rules, W.D. Wash. LCR 83.2(b)(4). An artificial entity's interests in a court proceeding necessarily must be represented by a person acting on its behalf. Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus Washington, like all federal courts, follows the common law rule that artificial entities appearing in court proceedings must be represented by an attorney.

There is a pro se exception to this general rule, under which a person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice." *Cottringer v. State, Dep't of Emp. Sec.*, 162 Wn. App. 782, 787 (2011). The pro se exception is, however, extremely limited and applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. *Id.* at 787–88.

There are numerous other deficiencies in Owen's proposed complaint. For example, even if he asserted civil claims, the judges he has named as defendants are absolutely immune from suit. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."). Prosecutors are also entitled to absolute prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976). Any constitutional or tort claim arising from the conduct at issue in the 2019 civil case is

facially time-barred, as the applicable limitations period is three years. RCW 4.16.080. Owen's assertions and arguments about the legal effects of a land patent and his various legal instruments are difficult to follow, but their efficacy will be tested in state court, not here.

Owen's notice of removal is ineffective as a matter of law, and the cases he seeks to remove are **REMANDED**. His proposed criminal complaint fails to state a plausible claim. His application to proceed *in forma pauperis* is **DENIED** and the claims asserted in his proposed "criminal" complaint are **DISMISSED without prejudice** and **without leave to amend**.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 6th day of October, 2023.

BENJAMIN H. SETTLE
United States District Judge